IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01090-BNB-CBS

NATHANIEL HARVEY,

Plaintiff,

v.

ADAMS COUNTY SHERIFF'S OFFICE,
ADAMS COUNTY, COLORADO,
T.S.M. GREGORY, Technical Services Supervisor, in her official and individual capacity,
S. FULLER, Detention Specialist, Programs Coordinator, in his official and individual capacity,
CAPTAIN JAMES WILBOURN, in his official and individual capacity,

Defendant.

## ORDER

This matter is before me on the plaintiff's **Motion for Late Jury Demand** [Doc. #139, filed 12/20/07] (the "Motion"). The Motion is GRANTED.

The plaintiff initiated this case as a *pro se* litigant. He filed a Complaint on June 14, 2005 [Doc. #4], and an Amended Complaint on June 29, 2005 [Doc. #7]. The Amended Complaint does not contain a jury demand. The defendants filed an Answer to the Amended Complaint on April 27, 2006 [Doc. #64]. Counsel entered an appearance on behalf of the plaintiff on October 12, 2006 [Doc. #73]. The plaintiff filed his Second Amended Complaint, which is the operative complaint, while represented by counsel [Doc. #95]. The Second Amended Complaint raises substantially the same claims and does not contain a jury demand. The defendants filed an Answer to the Second Amended Complaint on March 19, 2007. [Doc.

#97.] Plaintiff's counsel filed a motion to withdraw, which was granted on November 9, 2007. [Doc. #125.]

Rule 38(b), Fed. R. Civ. P., requires that a demand for a jury trial on an issue so triable be made within ten days of the last pleading directed to the issue. "[T]he time within which a demand may be made is not extended by an amendment that raises no new issues." E.g. Coates v. Union Oil Co. of Cal., 176 F.Supp. 713, 714 (D.Colo. 1959). Because the Second Amended Complaint did not raise any new issues, the plaintiff's jury demand was due within ten days of the defendants' Answer to the Amended Complaint, or on or before May 10, 2006.[1]

Under Fed. R. Civ. P. 38(d), the failure of a party to serve and file a jury demand within the time required "constitutes a waiver by the party of trial by jury." However, "a trial court retains discretion upon motion under Fed. R. Civ. P. 39(b) to order a jury trial when one was not properly demanded under Rule 38." FDIC v. Palermo, 815 F.2d 1329, 1333 (10th Cir. 1987).[2]

The Tenth Circuit Court of Appeals has consistently held that district courts should exercise their discretion to grant motions for jury trials under Rule 39(b) absent strong and

---

[1]The Answer was served by United States mail. Therefore, the plaintiff was entitled to three additional days pursuant to Fed. R. Civ. P. 6(d).

[2]Rule 39(b), Fed. R. Civ. P., upon which the court relied, stated:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

In 2007, Rule 39(b) was amended to provide that the "court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The amendment is intended to be stylistic only. Fed. R. Civ. P. 39, Advisory Committee Notes re: 2007 Amendment.

compelling reasons to the contrary.  Green Construction Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993); Nissan Motor Corp. in USA v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992); AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965). Such reasons might include a showing that (1) different evidence would be required for trial to a judge versus trial to a jury; (2) there was undue delay in bringing the motion or that the trial is imminent; (3) discovery would be impaired or was undertaken on the assumption that trial would be to the court and not to a jury (e.g., depositions were recorded stenographically and not on video); (4) costs would be significantly increased; or (5) trial would be substantially longer to a jury because, for example, of the complexity of the issues. See 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2334 at n.7 (2007 Pocket Part).  The circuit court also has held that "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."  Burciaga, 982 F.2d at 409.

In this case, the plaintiff filed his Motion for Late Jury Demand approximately one month after his counsel withdrew.  The plaintiff asserts that he was not aware that a jury demand was to be requested upon the filing of his previous complaint.  He further asserts that he and his counsel discussed the issue at length, and they disagreed as to whether he should have a jury.  The plaintiff "disagreed with Attorney's advisement and made decision to have jury demand." *Motion*, p. 2.

The defendant's objection to the Motion is based solely on the fact that the jury demand was untimely filed.[3] There is no showing of any strong or compelling reasons militating against the exercise of discretion under Rule 39(b) to order a jury trial. Although the plaintiff's jury demand is late by Rule 38 standards, there is no argument that the defendants' have relied on the absence of a jury demand in connection with executing their discovery or trial strategies; there is no trial date set, and the parties have ample time to prepare for a jury trial; and there is no indication that the costs of trial or length of trial will be impacted materially by trial to a jury rather than to the court. The issues are within the competence of a jury to understand.

The right to a jury trial in a federal court is a basic and fundamental feature of our system of justice, and the waiver of that right should not be readily found. See Swofford, 336 F.2d at 409; Truesdell v. State Farm Fire and Casualty Co., 960 F. Supp. 1511, 1521 (N.D. Okla. 1997). Under the facts of this case, I conclude that the defendants have not established strong and compelling reasons to reject the plaintiff's clear manifestation of his desire to have a jury trial.

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that I exercise my discretion pursuant to Fed. R. Civ. P. 39(b) and order that all issues so triable be tried to a jury.

---

[3]The complete extent of the argument to strike the jury demand is contained in ¶2 of the defendants' response, as follows:

> Pursuant to Fed. R. Civ. P. 38(b), Plaintiff's right to demand a jury expired ten days after service of the pleading responsive to his Complaint. Defendants filed their Answer on April 27, 2006 (Document #64). Plaintiff's right to demand a jury, therefore, expired in May 2006, a year and a half ago. Defendants object to Plaintiff's excessively late demand of a jury in this case.

Dated June 4, 2008.

BY THE COURT:

_s/ Boyd N. Boland_
United States Magistrate Judge